UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

FILED
DEC 03 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Kevin M. Holt, #14325-045 §
DOB 9/6/70 Plaintiff, FCI-Beaumont (Low) §
Beaumont, TX 77720 §
                                §
v                               §   Case: 1:07-cv-02174
                                §   Assigned To : Lamberth, Royce C.
Francisco Quintana, Warden Beaumont- §   Assign. Date : 12/3/2007
Low; J. Griffin, case manager, Beau- §   Description: Pro Se Gen. Civil
mont-Low; Sharon Baird, Unit Manager, §
Beaumont-Low; M. Maldonado Regional §   TRIAL BY JURY DEMANDED
Director-South Central Region; Harrell §
Watts, National Appeal Administrator, §
        Defendants              §

JURY ACTION

## JURISDICTION

1. This is a civil action authorized by **Bivens v Six Unknown Federal Narcotics Agents**, 403 US 388(1971); 28 USC §1331(a); 28 USC §2201 and §2202; The First and Fifth Amendment to the United States Constitution.

## PARTIES

2. Plaintiff Kevin M. Holt is a federal prisoner incarcerated at Beaumont FCI-Low, P.O. Box 26020, Beaumont, Texas 77720-6020.

3. Defendant Francisco Quintana is the deputy warden at Beaumont FCI-Low. His business is P.O.Box 26025, Beaumont, Texas 77720-6025. He is sued in his official and individual capacity.

4. Defendant J. Griffin is the unit TB case manager at Beaumont-Low. His business address is P.O.Box 26025, Beaumont, Texas 77720-6025. He is sued in his individual capacity.

5. Defendant Sharon Baird is a unit manager at Beaumont-Low. Her address is P.O.Box 26025, Beaumont, Texas 77720-6025. She is sued in her individual capacity.

6. Defendant M. Maldonado is the South Central Regional Director. His business address is 4211 Cedar Springs, suite 300, Dallas, Texas 75219.

RECEIVED
OCT 16 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

He is sued in his individual capacity.

7. Defendant Harrell Watts is the National Appeal Administrator. His business address is 300 First Street, NW, Washington, D.C. _____. He is sued in his individual capacity.

### STATEMENT OF FACTS

8. On August 6, 2006 plaintiff was escorted out of the prison cafeteria by his counselor, Mr. Morales, who informed plaintiff that a parole examiner was waiting for him to conduct a parole hearing. This was the first notification that plaintiff was receiving a parole hearing and defendant Griffin had not prepared a mandatory minifile for the parole hearing nor did he notify anyone of the hearing date.

9. Upon arriving at the parole hearing, plaintiff protested to the hearing examiner that he was not properly notified of the hearing and that the hearing date placed him in the position of having to choose to proceed with the hearing totally unprepared or having to waive the hearing. Ms. Patti Denton, the parole hearing examiner decided to continue the hearing until the next docket and confirmed a new hearing date of December 4, 2006.

10. Plaintiff now having proper notification, was able to prepare for the December 4, 2006 hearing. December 4, 2006 came and went without a hearing, so on December 7, 2006 plaintiff asked defendant Griffin what happened to the hearing. Deft. Griffin told plaintiff that he had received an e-mail from the parole commission, but since plaintiff had already had his hearing, he e-mailed the parole commission back telling them a hearing was unneccessary and for them to cancel it. An examiner was sent to see plaintiff on December 4, 2006 but at defendant Griffin's direction, he cancelled the hearing and plaintiff was neither notified nor seen.

11. Plaintiff talked to deft. Griffin about the cancellation and deft. Griffin said there was nothing he could do. Plaintiff told him he would file a grievance and Mr. Griffin became upset.

12. On January 7,2006 plaintiff filed a BP-8 grievance about his cancelled parole hearing.

13. On January 11,2006 deft. Baird answered plaintiff's BP-8 denying relief to plaintiff.

14. On January 22,2007 plaintiff filed a BP-9 grievance, on said violations.

15. On February 15,2007 deft. Quintana denied plaintiff's BP-9.

16. On February 28,2007 plaintiff filed a BP-10 grievance.

17. On March 29,2007 deft. Maldonado denied plaintiff's BP-10.

18. On April 16,2007 plaintiff filed a BP-11 grievance.

19. On June 27,2007 deft. Watts denied plaintiff's BP-11. Plaintiff has exhausted his administrative remedies.

## STATUTORY PROVISIONS

20. U.S. Parole Commission rules and procedures manual, section §2.11 provides guidelines for BOP staff to follow for military prisoner's applications for parole and notice of hearing(s).

## FIRST CAUSE OF ACTION

21. The arbitrary, capricious and summary manner in which defendant Griffin accomplished plaintiff's parole hearing does not provide the due process of law guaranteed by the Fifth Amendment.

## SECOND CAUSE OF ACTION

22. The arbitrary, capricious and summary manner in which defendant Griffin interferred with plaintiff's parole hearings violated plaintiff's right to due process of law, in violation of Fifth Amendment to the U.S. Constitution.

## THIRD CAUSE OF ACTION

23. The arbitrary, capricious and summary manner in which defendant Griffin failed to correct his errors to punish plaintiff for his filing a grievance against deft. Griffin, violated plaintiff's First Amendment rights.

3

### FOURTH CAUSE OF ACTION

24. The arbitrary, capricious and summary manner in defendant Griffin accomplished plaintiff's parole hearing denied plaintiff a fair and full opportunity to access the court, in violation of the First Amendment to the U.S. Constitution.

### FIFTH CAUSE OF ACTION

25. The failure to correct the errors was, upon information and belief, motivated by defendants' desire to punish plaintiff for his petitioning the government for redress of grievances.

### SIXTH CAUSE OF ACTION

26. The actions of defendants' have an overwhelmingly negative effects upon plaintiff's life and efforts to rehabilitation, and are a denial of right to be free from cruel and unusual punishment in violation of Fifth and Eighth Amendments, insofar as they impose additional and disproportionate punishments for constitutionally protected activities.

### SEVENTH CAUSE OF ACTION

27. Defendant Quintana has failed to exercise adequate supervision over subordinates and failed to take steps to regulate and control discretion of subordinate officers so as to prevent the conduct alleged in paragraph 8 through 20 above which were known to exist.

### EIGHTH   CAUSE OF ACTION

28. Defendant Quintana has failed to train, supervise or promulgate policies requiring his subordinates to comply with the First, Fifth and Eight Amendment to the U.S. Constitution.

### NINTH CAUSE OF ACTION

29. Defendant Quintana has failed to train, supervise or promulgate policies requiring his subordinates to comply with rules and regulations of U.S. parole commission regarding parole hearings for his appropriate prisoners, in

violation of plaintiff due process rights.

### TENTH CAUSE OF ACTION

**30.** Defendants Quintana, Maldonado, Baird and Watts are liable for the constitutional violations complained of herein by reason of their failure to correct them on administrative appeal.

**WHEREFORE** plaintiff Holt respectfully pray that this court enter judgment granting plaintiff:

1. A declaratory judgment that the defendants acts, policies and practices described herein violate plaintiffs rights under the U.S. Constitution.

2. A preliminary and permanent injunction which:

   **A.** Requires defendant Quintana to supervise, train or promulgate policy requiring his subordinates to comply with U.S. parole commission guidelines and procedures.

   **B.** Requires defendant Quintana to supervise, train or promulgate policy requiring his subordinates to comply with the First Amendment to the U.S. Constitution.

   **C.** Prohibits defendants, their agents, employees, successors in interest and all other and all other persons in active concert or participation with from harassing, threatening, punishing or retaliating in any way against the plaintiff.

3. Compensatory damages in the amount of $2,000,000 to plaintiff from each defendant.

4. Punitive damages of $2,000,000 to plaintiff from each defendant.

5. Trial by Jury on all issues triable by jury.

6. Plaintiff's cost of this suit.

7. Such other and further relief as this court may deem, just, proper and equitable.

Respectfully Submitted,

Dated: October 2 ,2007.

Kevin M. Holt
Reg. #14325-045
P.O.Box 26020
Beaumont, Texas 77720-6020

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

07-2174
RCL

## I (a) PLAINTIFFS

Kevin M. Holt

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **88888**
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (P)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

#14325-045

## DEFENDANTS

Francisco Quintana, et al,

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

Case: 1:07-cv-02174
Assigned To : Lamberth, Royce C
Assign. Date : 12/3/2007
Description: Pro Se Gen. Civil

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

☐ **A.** *Antitrust*
☐ 410 Antitrust

☐ **B.** *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C.** *Administrative Agency Review*
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes:
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☐ **E.** *General Civil (Other)* OR ☒ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255* ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination* ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT* ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ J. *Student Loan* ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)* ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)* ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract* ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ N. *Three-Judge Court* ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   ☐

DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND: ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY

(See instruction)   ☐ YES   ☒ NO   If yes, please complete related case form.

DATE 12/3/07

SIGNATURE OF ATTORNEY OF RECORD
NCD

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.