## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| **KEVIN M. HOLT,** | ) |
|  | ) |
| **Plaintiff** | ) |
|  | ) |
|  | ) **Civil Action No. 07-2174 (RCL)** |
| **v.** | ) **(ECF)** |
|  | ) |
| **FRANCISCO QUINTANA, et al.** | ) |
|  | ) |
| **Defendants.** | ) |
|  | ) |

_____

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
### OR IN THE ALTERNATIVE TRANSFER

Harrell Watts, National Appeals Administrator; M. Moldonado, South Central Regional Director; Francisco Quintana, Deputy Warden, FCI Beaumont-Low; J Griffin and Sharon Byrd, case managers (collectively 'Defendants") by and through undersigned counsel, hereby respectfully file this Motion to Dismiss or, in the alternative, Transfer to the Eastern District of Texas.  Kevin M. Holt ("Plaintiff") brings this action pro se seeking damages for alleged violations of his constitutional rights arising from Defendants' alleged failure to ensure that his application for parole was heard by the United States Parole Commission.  Defendants respectfully refer the Court to the accompanying Memorandum of Points and Authorities and attachments thereto, and to the entire record in this case.

Pro se Plaintiff will take note that if he fails to respond to this motion to dismiss, the Court may grant this motion and dismiss his case because of his failure to respond.  See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988).

A proposed Order consistent with the relief sought herein is attached.

April 17, 2008                    Respectfully submitted,

                                  _/s/_____
                                  JEFFREY A. TAYLOR, D.C. BAR # 498610
                                  United States Attorney

                                   /s/_____
                                  RUDOLPH CONTRERAS, D.C. BAR # 434122
                                  Assistant United States Attorney

                                  _/s/_____
                                  KENNETH ADEBONOJO
                                  Assistant United States Attorney
                                  Judiciary Center Building
                                  555 4th Street, N.W. – Civil Division
                                  Washington, D.C.  20530
                                  (202) 514-7157
                                  (202) 514-8780 (facsimile)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KEVIN M. HOLT,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| | ) **Civil Action No. 07-2174 (RCL)** |
| **v.** | ) **(ECF)** |
| | ) |
| **FRANCISCO QUINTANA, et al.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
OR IN THE ALTERNATIVE TRANSFER**

### I.    INTRODUCTION AND SUMMARY

Harrell Watts, National Appeals Administrator; M. Moldonado, South Central Regional Director; Francisco Quintana, Deputy Warden, FCI Beaumont-Low; J Griffin and Sharon Byrd, case managers (collectively 'Defendants") by and through undersigned counsel, hereby respectfully move, pursuant to Fed. R. Civ. P. 12 (b)(1), (b)(2), (b)(3), (b)(5) and (b)(6), for dismissal of this action for lack of subject-matter jurisdiction, personal jurisdiction and venue as well as failure to properly serve Defendants and to state a claim upon which relief may be granted. Kevin M. Holt ("Plaintiff") brings this action pro se seeking damages for alleged violations of his constitutional rights arising from Defendants' alleged failure to ensure that his application for parole was heard by the United States Parole Commission ("USPC") when it was initially scheduled.[1]

---

[1]    On March 17, 1993, pursuant to a United States Navy General Court-Martial, plaintiff was sentenced to life in prison for larceny, premeditated murder, and theft of a motorcycle. Plaintiff was transferred into Bureau of Prisons ("BOP") custody on January 4, 2002. His projected parole release date is January 15, 2012. See SENTRY Public Information Inmate Data.

On December 3, 2007, Plaintiff filed this <u>Bivens</u>[2] claim alleging that Defendants mis-

handled his parole hearing in 2006 and thereby violated his due process rights under the Fifth

Amendment as well as his First Amendment and Eighth Amendment rights. (Compl. ¶¶ 21-29).

Specifically, Plaintiff claims that he was not informed by his counselor at FCI Beaumont of a

parole hearing scheduled on August 6, 2006, until immediately before the hearing. (Compl. ¶ 8).

Additionally, Plaintiff alleges that his case manager, Defendant Griffin, had not prepared a

"mandatory minifile" for the parole hearing.[3] (Compl. ¶ 8). Plaintiff told the parole hearing

examiner that he was not prepared to proceed with the hearing because he had not been properly

notified. (Compl. ¶ 9). The parole hearing examiner continued the hearing until December 4,

2006. (Compl. ¶ 9). Plaintiff claims that Defendant Griffin then canceled the December 4, 2006

hearing because Griffin thought the hearing had already been held. (Compl. ¶ 10).

A parole hearing was ultimately conducted on March 8, 2007. (Notice of Action by

USPC dated April 10, 2007). As a result of this parole hearing, Plaintiff's presumptive parole

date was moved up four months from May 15, 2012 to January 15, 2012. <u>Id.</u> Additionally, the

Commission scheduled Plaintiff for a statutory interim hearing in March 2009. <u>Id.</u> Plaintiff

seeks $2 million in compensatory damages and another $2 million in punitive damages from

each Defendant in addition to declaratory and injunctive relief. Compl. at ¶30. Plaintiff filed an

---

[2]    <u>Bivens v. Six Unknown Agents of the Fed. Bur. of Narc.</u>, 403 U.S. 388 (1971).

[3]    BOP staff prepare "mini-files" on inmates who are eligible for parole and provide
the files to the United States Parole Commission by the 10th of the month preceding the month
of the parole hearing. The files must include: parole application, sentence computation, PSI, and
probation revocation report, if applicable. If available, the file should also include: FBI arrest
record, classification study, Report on Committed Offender, and Report on Convicted Offender
by United States Attorney. <u>See</u> Community Corrections Manual, BOP Program Statement
7300.09 at 5.10.

administrative remedy regarding his canceled parole hearing and apparently exhausted his administrative remedies on this issue.

## II.   STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court will dismiss a claim if Plaintiff's complaint fails to plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (clarifying the standard from Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also In re Sealed Case, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing Twombly).  Hence, the focus is on the language in the complaint, and whether that language sets forth sufficient factual allegations to support plaintiff's claims for relief.

The court must construe the factual allegations in the complaint in the light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint.  Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing Kowal v. MCI Comm. Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  However, the Court need not accept any inferences or conclusory allegations that are unsupported by the facts pled in the complaint.  Kowal, 16 F.3d at 1276.  Moreover, the Court need not "accept legal conclusions cast in the form of factual allegations." Id.

## III.   LEGAL ARGUMENT

### A.   Sovereign Immunity Bars Claims Against Defendants in their Official Capacities

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983).  "Absent a waiver, sovereign immunity shields the Federal Government and its

3

agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). Congressional consent to suit, a waiver of the government's traditional immunity, must be explicit and strictly construed. Library of Congress v. Shaw, 478 U.S. 310, 318 (1986). Absent clear congressional consent to entertain a claim against the United States, the District Court lacks authority to grant relief. United States v. Testan, 424 U.S. 392, 399 (1976). "Sovereign immunity is jurisdictional in nature." Meyer, supra, 510 U.S. at 475. This Circuit has explicitly held that sovereign immunity bars the BOP from liability under § 1983. Galvan v. Fed. Prison Ind., 199 F.3d 461, 462 (D.C. Cir. 1999).

Here, although Plaintiff attempted to bring a Bivens claim, he failed to serve any of the Defendants as required by Fed. R. Civ. P. 4(e). Therefore, he is deemed to be suing Defendants only in their official capacities. To the extent that Plaintiff is suing Defendants for damages for constitutional violations in their official capacities, the claim is barred. Monell v. Dep't of Social Security, 436 U.S. 658, 690 n.55 (1978). Accordingly, Plaintiff's complaint should be dismissed under Fed. R. Civ. P. 12(b)(1).

**B.    Plaintiff's Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(2) Because this Court Lacks Personal Jurisdiction over Defendants**

Even if Plaintiff was suing Defendants personally, the Court would lack personal jurisdiction over them. There would be no in personam jurisdiction in this case because Plaintiff has not shown that any of the named or unnamed Federal Defendants are residents of the District of Columbia.

i.  Plaintiff's Burden

Plaintiff bears the burden of pleading the facts necessary to substantiate in personam jurisdiction in this Court. Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 240 (2d Cir. 1999). As

explained by this Court in <u>Edmond v. U.S. Postal Serv.</u>, 727 F. Supp. 7, 10 (D. D.C. 1989), <u>aff'd</u>

in part and <u>rev'd</u> in part on other grounds, 949 F.2d 415 (D. C. Cir. 1991):

> A plaintiff in district court must plead essential jurisdictional facts and must carry throughout the litigation the burden of showing that he is properly in court. "If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 189 (1936).

Plaintiff has failed and cannot meet his burden to establish such necessary facts. None of

the Defendants resides in this District.

ii. <u>D.C. Code §13-423, the "Long Arm" statute</u>

<u>In personam</u> jurisdiction may be maintained by the United States District Court for the

District of Columbia only if permitted by the "long arm" laws of the District of Columbia. <u>Crane</u>

<u>v. Carr</u>, 814 F. 2d 758, 762 (D.C. Cir. 1987). The District of Columbia exercises personal

jurisdiction based upon the  D.C. Code's "long arm" statute at D.C. Code §13-423 (2000), which

states in relevant part:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's--
> (1) transacting any business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia;

5

(3) causing tortuous injury in the District of
Columbia by an act or omission in the District of Columbia;
(4) causing tortuous injury in the District of
Columbia by an act or omission
outside the District of Columbia if he regularly does
or solicits business,
engages in any other persistent course of conduct, or
derives substantial
revenue from goods used or consumed, or services
rendered, in the District of Columbia;
(5) having an interest in, using, or possessing real
property in the District of Columbia;
(6) contracting to insure or act as surety . . . ; or
(7) marital or parent and child relationship. . . .
(b) When jurisdiction over a person is based solely
upon this section, only a claim for relief arising
from acts enumerated in this section may be
asserted against him.

In this case, Plaintiff could not establish proper in personam jurisdiction in this court

under § 13-423. Crane 814 F.2d at 762. First, it is undisputed that Defendants do not reside in

this District. Docket Entries 1, 7, 8 and 9. Plaintiff does not allege, let alone demonstrate, that

any of the Defendants resides in the District of Columbia. On the contrary, Defendants appear to

reside in Texas where Plaintiff has been incarcerated. Indeed, with the exception of Defendant

Watts, all Defendants appear to reside in Texas.

Moreover, the Plaintiff does not allege that any of the Defendants transacted any business

or contracted to supply services in the District of Columbia, nor have they caused any tortious

injury in the District of Columbia. Moreover, in personam jurisdiction cannot be predicated on

the provisions of the sections (a)(3) and (4) of the "long arm" statute because the plaintiff does

not and cannot claim that the Defendants at FCI Beaumont, where he has been housed outside the

District, caused him tortious injury within the District of Columbia. There is no act or injury

6

alleged to have been accomplished within the District of Columbia by any of these Defendants. Any injury to Plaintiff necessarily took place outside the District, since he was never housed here and all allegations in this action pertain to his incarceration at FCI Beaumont, which is outside this District. Therefore, this Court would lack personal jurisdiction over Defendants Plaintiff attempts to name for activities taking place outside the District of Columbia.[4]

      iii.  In Personam Jurisdiction Requires "Minimum Contacts"

In order for this District Court to have personal jurisdiction over a non-resident defendant, jurisdiction must be proper under both the District of Columbia long-arm statute and consistent with the demands of due process. United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995); Crane v. Carr, 814 F.2d 758, 762 (D.C. Cir. 1987). "Since the District of Columbia's long-arm statute has been held to extend as far as the Due Process Clause allows, Mouzavires v. Baxter, 434 A.2d 988 (D.C. 1981) (en banc), cert. denied, 455 U.S. 1006 (1982), personal jurisdiction exists when the defendant has purposely established minimum contacts with the forum state and when the exercise of jurisdiction comports with 'traditional notions of fair play and substantial justice.' Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102 (1987)." Wiggins v. Equifax Inc., 853 F. Supp. 500 (D. D.C. 1994). "Plaintiff's claim for relief must arise from the defendants' contacts with the District of Columbia and his 'claims must bear some relation to the acts in the District that are relied upon to confer personal jurisdiction.' [D.C. Code] § 13-423(b). Bayles v. K-Mart Corp., 636 F. Supp. 852, 854 (D.D.C. 1986)." Id. at 502.

---

[4]      Although Defendant Watts can be found in this District, Plaintiff has not alleged his personal involvement in the alleged constitutional violations and Bivens liability cannot be premised on a theory of respondeat superior. See Cameron v. Thornburgh, 983 F.2d 253, 258 n4 (D.C. Cir. 1993).

Again, the burden would be on the Plaintiff to establish that this Court could exercise personal jurisdiction over non-resident Federal Defendants consistent with the Due Process Clause. Blumenthal v. Drudge, 992 F. Supp. 44, 53 (D. D.C. 1998). Plaintiff in this case has wholly failed to allege such facts, and the allegations against Defendants do not establish "minimum contacts" necessary to confer personal jurisdiction upon the District Court for the District of Columbia. The mere fact that Defendants are employees of the BOP and the Central Office of that agency happens to be in Washington, D.C., is insufficient to establish the requisite "minimum contacts" with the District of Columbia. Cameron v. Thornburgh, 983 F.2d 235, 256 (D.C. Cir. 1993); James v. Reno, et al., No. 99-5081, 1999 WL 615084 (D.C. Cir. Jul. 2, 1999) (Inmate's security classification and transfer request made in Texas; both federal prisons at issue located in Texas; no injury suffered in the District of Columbia; mere fact that White and Snider are employees of the Bureau of Prisons based in D.C. insufficient to establish requisite "minimum contacts" with District); Meyer v. Reno, 911 F. Supp. 11, 14 (D.D.C. 1996) (Bureau of Prisons employee who works at FCI Memphis, Tennessee and three Florida State Attorneys not alleged to conduct any business or make any contracts for services and no injury alleged to have been suffered in the District of Columbia, so court cannot exercise jurisdiction over them).

The presence in the District of Columbia of the defendants must be "continuous and systematic" and relative to the claim to meet the "minimum contacts" requirement. Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945). Here, these non-resident Defendants lack the requisite minimum contacts with the District of Columbia because the operative facts of any claim herein arose at FCI Beaumont where Plaintiff has been incarcerated. In the instant case, Plaintiff fails to meet his burden of establishing proper in personam jurisdiction in this District under section 13-

8

423.  All of the Defendants live outside the District Columbia.[5]  Defendants Griffin, Baird,

Maldonado, and Quintana also work outside the District of Columbia.[6]

Furthermore, Plaintiff alleges no facts in his complaint to establish that Defendants

caused and that he suffered any injury in the District of Columbia.  The alleged injury of which

Plaintiff complains occurred in Texas.  Therefore, the Court lacks personal jurisdiction over the

Defendants under the District's long-arm statute.  In addition, Plaintiff has failed to allege facts

showing that the exercise of personal jurisdiction over Defendants would satisfy due process

requirements.  In fact, Plaintiff does not establish any connection between the Defendants as

individuals and the District of Columbia.  Consequently, the Court should dismiss all claims

against the Defendants (other than Watts) for lack of personal jurisdiction under Fed. R. Civ. P.

12(b)(2) and they should be dismissed from this suit.

### C. Venue Is Improper – Fed. R. Civ. P. 12(b)(3)

To the extent that Plaintiff's complaint can be construed as making claims against the

Defendants personally,  it must be dismissed under Fed. R. Civ. P. 12(b)(3).  Under § 1391(b),

such a cause of action may be brought only in a judicial district where: (1) any defendant resides

if all defendants reside in the same state; (2) a substantial part of the events or omissions giving

rise to the claim occurred; or (3) any defendant may be found if there is no district in which the

action may otherwise be brought.  28 U.S.C. § 1391(b).

---

[5] Defendant Watts resides in Maryland and Defendants Griffin, Baird, and Maldonado reside in Texas.  Defendant Quintana resides in Pennsylvania.

[6] Defendants Griffin and Baird are employed at FCI Beaumont in Beaumont, Texas. Defendant Maldonado is employed at BOP's South Central Regional Office located in Dallas, Texas.  Defendant Quintana is now employed at the Federal Correctional Institution McKean in Bradford, Pennsylvania.

Historically, the D.C. federal courts do not permit inmates incarcerated in other jurisdictions to challenge conditions of confinement in this district simply because it is the location of the Bureau's Central Office.  The BOP has more than 170,000 inmates in more than 100 institutions nationwide.  See www.bop.gov ("public information, quick facts and statistics").  Courts  recognize the danger of giving all federal inmates the opportunity to bring their claims here in the district: "Courts in this Circuit must examine the challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia."  Cameron v. Thornburgh, 983 F.2d 253, 256 (D.C. Cir. 1993).

In the instant case, venue is not proper in the United States District Court for the District of Columbia under 28 U.S.C. § 1391(b) because none of the Defendants reside in the District of Columbia and a substantial part of the alleged events or omissions giving rise to Plaintiff's claims did not take place here but rather in Texas.  Because venue is improper, the Court should dismiss Plaintiff's Bivens claims under Federal Rule of Civil Procedure 12(b)(3).[7]

### D.    Plaintiff Has Not Perfected Service Against Individual Defendants – Fed. R. Civ. P. 12(b)(5)

To the extent that Plaintiff is attempting to sue the Defendants personally, he has failed to procure proper service.  *Docket Entry* 7, 8, 9.  None of the Defendants in this action have been properly served with the summons and complaint in accordance with the rules applicable to individual defendants.  Simpkins, supra, 108 F.3d 366, 369 (D.C. Cir. 1997).  It is well

---

[7] Under 28 U.S.C. § 1406(a), if the venue is improper, the Court may transfer the case to a district where it could have been properly brought in the interest of justice.  However, this case would be subject to dismissal no matter where it was transferred because Plaintiff has failed to state a valid claim under the Constitution and the defendants are entitled to qualified immunity.  Therefore, outright dismissal better serves the interests of justice.

established that, in an action against federal employees in their individual capacity, the

individually-sued defendants must be served with process in accordance with Fed. R. Civ. P.

4(e).  Id.  The Rule provides that service is effectuated by complying with the laws of the state

for such in which the district court is located, by delivering a copy of the summons and complaint

to the defendant (or his appointed agent) personally, or by leaving copies thereof at the defendant

dwelling house or usual place of abode with some person of suitable age and discretion who

resides there.  Fed. R. Civ. P. 4(e).  The SCR-Civil 4(e)(2) allows for service upon individuals by

first class, certified or registered mail.  Actual notice will not, of course, substitute for technically

proper service under Rule 4 and will not permit the Court to render a personal judgment against

an individually-sued defendant.  Sieg v. Karnes, 693 F.2d 803 (8th Cir. 1982); See also Stafford v.

Briggs, 444 U.S. 527 (1980).

    In this case, it is undisputed that Plaintiff has failed to serve Defendants as required by the

Rules.  Service at the Defendants' place of employment is not proper service.  Fed. R. Civ. P.

4(e).  Because the record in this action is devoid of any evidence of proper personal service upon

Defendants in their individual capacities, this action cannot proceed against them individually

and all claims against them in their individual capacities should be dismissed.

    To the extent Plaintiff attempts to sue them individually, the District Court lacks

jurisdiction over the federal officials individually, until all of the provisions of Rule 4(i)(1) and

(2) are met.  Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 116 (6th Cir.

1988); Sanchez-Mariani v. Ellingwood, 691 F.2d 592, 594 (1st Cir. 1982).  It is the plaintiff in a

civil action who has the burden of establishing the validity of service of process.  Grand Ent.

Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993); Lensel Lopez v.

11

Cordero, 659 F. Supp. 889, 890 (P.R. 1987).  Therefore, if that cannot be demonstrated, this case should be dismissed against the officials individually based upon insufficiency of service of process under Rule 12(b)(5).  Accordingly, claims against Defendants should be dismissed.[8]

## E.  Plaintiff Has Failed to State a Constitutional Claim

Plaintiff challenges the Defendants' handling of his parole hearing under the Due Process Clause of the Fifth Amendment.[9]  The Supreme Court has held that there is no constitutional right to parole that automatically invokes due process protection.  Greenholtz v. Inmates of Nebraska Penal & Correctional Comp., 442 U.S. 1, 7 (1979).  Therefore, the presence of a parole system does not by itself give rise to a constitutionally protected liberty interest in parole release. Id. at 11; Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).  Mandatory language in parole statutes or regulations may create an expectation of parole entitled to some measure of constitutional protection.  Greenholtz at 11-12; Blair-Bey v. Quick, 151 F.3d 1036, 1047 (D.C. Cir. 1998).   Even assuming the statute creates a "protectible expectation of parole," no more procedural due process is constitutionally required than notice and an opportunity to be heard. See Brandon v. District of Columbia Board of Parole, 823 F.2d 644, 648 (D.C. Cir. 1987);

---

[8]    Plaintiff's service deficiency is curable.  Banks v. Lappin, 2008 U.S. Dist. Lexis 22532, *18 n5 (D.D.C. 2008).

[9]    Persons sentenced by a court-martial or other military tribunal and "confined in a penal or correctional institution not under the control of one of the armed forces are subject to the same discipline and treatment as persons confined or committed by the courts of the United States."  10 U.S.C. §858(a).  Courts interpreting this section have "consistently held that a military prisoner who is serving his sentence in a federal penitentiary automatically becomes entitled to any advantages and subject to any disadvantages that accrue to the civilian prisoner." Artis v. DOJ, 166 F.Supp.2d 126, 130 (D.N.J. 2001).  Hence, military prisoners in BOP facilities are subject to the federal parole provisions and governed by BOP rules rather than military regulations.  Id.; Romey v. Vanyur, 9 F.Supp.2d 565, 571-72 (E.D.N.C. 1998).

Canales v. Gabry, 844 F. Supp. 1167, 1171 (E.D. Mich. 1994). The mere fact that the

government has established certain procedures to guide parole release determinations does not

mean that the procedures themselves become substantive liberty interests entitled to federal

constitutional protection under the Due Process Clause. Olim v. Wakinekona, 461 U.S. 238, 250

n. 12 (1983); Brandon, 823 F.2d at 648-49. Therefore, delays in conducting parole hearings do

not violate inmates' due process rights. Id. at 647-49 (rejecting inmate's claim that he had a due

process right to have the Parole Board adhere to a hearing schedule set out in its regulations);

Artis 166 F. Supp.2d at 131-32 (D.N.J. 2001) (denying inmate's claim that he had a due process

right to an annual parole hearing); Fell v. Olson, 2000 WL 122519, *2 (D.N.J. Feb. 2, 2000)

(finding inmate was not prejudiced by a six-month delay in his parole hearing and rejecting

inmate's due process claim).

     In the present case, Plaintiff has failed to state a due process claim. He asserts that

Defendants violated his right to due process in the way they "accomplished" and "interfered"

with his parole hearing. (Compl. ¶¶ 21-22.) Although unclear, presumably he is complaining of

the ultimate delay in his parole hearing from August 2006 until March 2007. Such a delay,

however, does not violate the Due Process Clause. Even assuming the federal parole statute

creates a liberty interest protected under the Due Process Clause, Plaintiff received a parole

hearing, which is all the due process to which he is entitled. Moreover, he absolutely was not

prejudiced by the delay. In fact, at the March 2007 parole hearing, his presumptive parole release

date was moved up four months from May 15, 2012 to January 15, 2012, still five years off.[10]

---

    [10]    Arguably, because Plaintiff's presumptive parole date has been moved up four
months, he actually suffered no injury and his claims are moot. Larsen v. U.S. Navy, 2007 W.L.
1241861, *9 (D.D.C. 2007) (observing that "[a]n intervening event may render a claim moot if

Thus, because his parole date is still far off, Plaintiff suffered no injury by having his hearing delayed for seven months. The delay did not cause him to spend a single day longer in prison than if the hearing had been held when originally scheduled. Consequently, Plaintiff cannot recover under the Due Process Clause and all such claims should be dismissed pursuant to Rule 12(b)(6).[11]

## F. Defendants Are Entitled to Qualified Immunity

Individually-named federal Defendants sued for money damages for violations of constitutional rights are immune from suit under the doctrine of qualified immunity if, inter alia, the complaint fails to allege facts that give rise to the violation of a clearly-established constitutional right. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)(government officials are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known). See also Mitchell v. Forsyth, 472 U.S. 511, 526(1985)("[u]nless the plaintiff's allegations state a

---

(1) there is no reasonable expectation that the conduct will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violations") (internal citations omitted); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (holding that prisoner's claims for injunctive and declaratory relief concerning prison conditions were moot where prisoner had been moved to another prison unit); Kadri v. Bureau of Prisons, 2006 W.L. 581249, *2 (D.D.C. 2006) (same). Here, at the very least, Plaintiff's claims for declaratory and injunctive relief, have arguably been mooted under the Larsen test set forth above.

[11] Plaintiff also asserts that defendants' handling of his parole hearing violated his rights under the First and Eighth Amendments to the Constitution. (Compl. ¶¶ 23-28.) However, he fails to present any viable First or Eighth Amendment claim or even articulate how the delay in holding his parole hearing implicates these amendments. Therefore, the Court should dismiss these vague allegations for failure to state a claim. See Martin v. Malhoyt, 830 F.2d 237, 254-57 (D.C. Cir. 1987) (explaining that courts have consistently held that damages claims against government officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague, or general allegations).

claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.").  The Supreme Court has repeatedly stressed the desirability to resolve the qualified immunity issues at the earliest stage of litigation. Hunter v. Bryant, 502 U.S. 224, 230 (1991); Anderson v. Creighton, 483 U.S. 635 (1987); Mitchell v. Forsyth, 472 U.S. 511, 524 (1985).  In fact, "[u]ntil the threshold of immunity is resolved, discovery should not be allowed."  Siegert v. Gilley, 500 U.S. 226, 231(1991).

The District of Columbia Circuit Court established a two-prong test to review the applicability of the qualified immunity defense.  First, the Court looks at whether "the facts show the officer's conduct violated a constitutional right."  Lederman v. United States, 291 F.3d 36, 46 (D.C. Cir. 2002) (citations omitted).  Defendants are only liable "if they knew, or were unreasonable in not knowing, that their behavior violated the Constitution."  Harris v. District of Columbia, 932 F.2d 10, 13 (D.C. Cir. 1991).  Second, the Court will look at whether the right was clearly established.  In assessing whether a particular right is sufficiently established to place a defendant on notice that his conduct was unconstitutional, the D.C. Circuit looks to decisions of "the Supreme Court, the District of Columbia Circuit, and, to the extent there is a consensus, other circuits [that] have spoken clearly on the lawfulness of the conduct at issue."  Butera v. District of Columbia, 235 F.3d 637, 652 (D.C. Cir. 2001).

Examination of the case law and statutes reflect that Defendants did not violate any clearly established right Plaintiff enjoyed.  Greenholtz, supra.  Nor has Plaintiff pled any facts that establish that Defendants "knew or were unreasonable in not knowing" that Plaintiff was allegedly not notified of his parole hearing sufficiently ahead of time or that the make up parole hearing was cancelled.  On the contrary, at most, Plaintiff's allegations amount to administrative

15

negligence, which falls short of a constitutional violation.  In any case, because Plaintiff suffered

no harm as a result of th delay, he has suffered no injury in fact, and his case should be

dismissed.  Rodriguez v. Richey, 539 F.2d 394, 401 (5th Cir. 1976).

Defendant Watts is entitled to qualified immunity to the extent Plaintiff's claims are

premised entirely on his role in the BOP's internal appeals process.  Neal v. Watts, 2008 WL

748321, *3-*4 (D.D.C. 2008). As set forth above, Plaintiff has failed to allege any viable

constitutional claim against any of the Defendants.  Because no constitutional right would have

been violated even if Plaintiff's allegations were established, the Defendants are entitled to

qualified immunity in this case.

### G.     THE PLAINTIFF IS NOT ENTITLED TO RELIEF

### 1.     Plaintiff is not Entitled to Declaratory Relief

Plaintiff seeks a declaratory ruling that Defendants' acts, policies and practices violated

his constitutional rights. Compl. at §30.1.  The statute governing prospective relief in the Prison

Litigation Reform Act (PLRA), codified at 18 U.S.C §3626(a)(1), puts substantial limitations on

the issuance of this type of relief.  Specifically, the Act provides, "prospective relief in any civil

action with respect to 'prison conditions' (defined by the Supreme Court in Porter v. Nussle, 534

U.S. 516 (2002), as "any aspect of prison life") shall extend no further than necessary to correct

the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or

approve any prospective relief unless the court finds that such relief is narrowly drawn, extends

no further than necessary to correct the violation of the federal right, and is the least intrusive

means necessary to correct the violation of the federal right."  See also Thompson v. Gomez, 993

F.Supp. 749, 754-55 (N.D. Cal.1997), rev'd on other grounds in Gilmore v. California, 220 F.3d

16

987, 1005 (9th Cir. 2002). The statute further states, "[t]he court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." This mandatory requirement must be more than mimicking the language of the statute, and is discussed in Cason v. Seckinger, 231 F.3d 777 (11th Cir. 2000); see also, Johnson v. Breeden, 280 F.3d 1308 (11th Cir. 2002).

Again, Plaintiff had no constitutional right to parole or parole processes, therefore, there are not grounds to issue a declaratory order in his favor. Moreover, even if Plaintiff's rights were violated, he suffered no injury because any delay between his initially schedule parole hearing and the one Plaintiff actually attended did not result in harm to him. Thus, Plaintiff is not entitled to any remedy as his rights were not violated by the actions of the BOP or its employees.

## 2.    The Plaintiff is not Entitled to Injunctive Relief

The Plaintiff is seeking a preliminary and permanent injunction against Defendants requiring that they be properly trained and supervised regarding parole procedures as well as ordering that no retaliatory action be taken against him. Compl. at ¶ 30.2. In this Circuit, a permanent injunction is appropriate when:

> . . . the Court considers a modified iteration of the factors it utilizes in assessing preliminary injunctions: (1) success on the merits, (2) whether the plaintiffs will suffer irreparable injury absent an injunction, (3) whether, balancing the hardships, there is harm to defendants or other interested parties, and (4) whether the public interest favors granting the injunction. Mova Pharm. Corp. v. Shalala, 140 F.3d 1060, 1066 (D.C. Cir. 1998).

(i)    <u>The Plaintiff will not succeed on the merits of the case</u>

The case law is clear in that Plaintiff's due process rights were not violated because he had none under <u>Greenholtz</u>. With regard to his First and Eighth Amendment claims, as indicated earlier, Plaintiff has not alleged any facts or presented a scintilla of evidence supporting his claim that those rights were violated. Accordingly, it is unlikely that he can demonstrate a likelihood of success on the merits.

(ii) <u>Plaintiff has not demonstrated irreparable injury</u>

In this case, Plaintiff has yet to explain how an injunction will prevent immediate and irreparable harm. The Plaintiff must not only show that the alleged harm "will in fact occur" but must also show that the injury complained of is "of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." <u>Wisconsin Gas Co. v. F.E.R.C.</u>, 758 F.2d 669, 674 (D.C. Cir. 1985). Plaintiff has not demonstrated the type of irreparable and imminent harm necessary to warrant relief. The fact is that Plaintiff was not harmed at all. In addition, Plaintiff has not pled any facts that would lead one to reasonably conclude that his fears of retaliation are well-founded.

(iii) <u>Balancing the hardships, there is harm to defendants or other interested parties</u>

The relief Plaintiff seeks would substantially injure the BOP by compromising its decision making authority under the statutes and case law. Even assuming Plaintiff's rights were violated, he has not demonstrated any widespread concerns in Defendants, handling of parole procedures that would justify the relief sought.

(iv)    <u>Whether the public interest favors granting the injunction</u>

The public interest does not favor the granting of the injunction.  The matters challenged by the Plaintiff are matters within the exclusive authority of the BOP.  The BOP's decisions regarding this inmate have been in compliance with BOP policy and statutory mandate.  Thus, the public interest in having safe prisons administered by the BOP would be safeguarded by the denial of this request for injunctive relief.

## **CONCLUSION**

For the reasons outlined above, the Court should dismiss Plaintiff's complaint for lack of subject matter jurisdiction, personal jurisdiction, improper venue, failure to state a claim and qualified immunity.

April 17, 2008                          Respectfully submitted,

_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KEVIN M. HOLT,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) **Civil Action No. 07-2174 (RCL)** |
| **v.** | ) **(ECF)** |
| | ) |
| **FRANCISCO QUINTANA, et al.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## <u>ORDER</u>

UPON CONSIDERATION of Defendants' Motion To Dismiss, the entire record herein, it is hereby

ORDERED that Defendants' motion to dismiss is granted, and it is further

ORDERED that this case is dismissed with prejudice.

_____                    _____
 DATE                                    HON. ROYCE C. LAMBERTH, U.S.D.J.


Copies to:

KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530

KEVIN M. HOLT
Reg. #14325-045
Box 1000
Milan, Mi
48160

<u>**CERTIFICATE OF SERVICE**</u>

I certify I caused copies of the foregoing Defendants' Motion to Dismiss Plaintiff's

Complaint or, in the Alternative, Transfer to be served by first class mail upon <u>pro</u> <u>se</u> plaintiff at:

Kevin M. Holt
Reg. #14325-045
Box 1000
Milan, Mi
48160

on this 17th day of April, 2008            _/s/_____
                                           KENNETH ADEBONOJO
                                           Assistant United States Attorney

```
BOPOI          *      PUBLIC INFORMATION      *    01-23-2008
PAGE 001       *          INMATE DATA         *    10:03:02
                       AS OF 01-23-2008


REGNO..: 14325-045 NAME: HOLT, KEVIN M


              RESP OF: BML / DESIGNATED, AT ASSIGNED FACIL
              PHONE..: 409-727-8172   FAX: 409-626-3500
                                      RACE/SEX...: WHITE / MALE
                                      AGE: 36
PROJ REL MT: PRESUM PAR                PAR ELIG DT:
PROJ REL DT: 01-15-2012                PAR HEAR DT: 07-2005
--------------------------- ADMIT/RELEASE HISTORY ---------------------------
FCL   ASSIGNMENT DESCRIPTION              START DATE/TIME STOP  DATE/TIME
BML   A-DES      DESIGNATED, AT ASSIGNED FACIL  02-24-2004 1916 CURRENT
BML   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN  02-24-2004 0754 02-24-2004 1916
BML   A-DES      DESIGNATED, AT ASSIGNED FACIL  12-16-2003 1635 02-24-2004 0754
B18   RELEASE    RELEASED FROM IN-TRANSIT FACL  12-16-2003 1735 12-16-2003 1735
B18   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 12-16-2003 0640 12-16-2003 1735
OKL   HLD REMOVE HOLDOVER REMOVED               12-16-2003 0540 12-16-2003 0540
OKL   A-BOP HLD  HOLDOVER FOR INST TO INST TRF  12-04-2003 1845 12-16-2003 0540
5-W   RELEASE    RELEASED FROM IN-TRANSIT FACL  12-04-2003 1945 12-04-2003 1945
5-W   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 12-04-2003 0726 12-04-2003 1945
FLF   TRANSFER   TRANSFER                       12-04-2003 0526 12-04-2003 0526
FLF   A-DES      DESIGNATED, AT ASSIGNED FACIL  02-28-2003 1030 12-04-2003 0526
A01   RELEASE    RELEASED FROM IN-TRANSIT FACL  02-28-2003 1230 02-28-2003 1230
A01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 02-28-2003 0531 02-28-2003 1230
FLP   TRANSFER   TRANSFER                       02-28-2003 0331 02-28-2003 0331
FLP   A-DES      DESIGNATED, AT ASSIGNED FACIL  01-04-2002 1105 02-28-2003 0331
A02   RELEASE    RELEASED FROM IN-TRANSIT FACL  01-04-2002 1305 01-04-2002 1305
A02   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 01-04-2002 0800 01-04-2002 1305
OKL   HLD REMOVE HOLDOVER REMOVED               01-04-2002 0700 01-04-2002 0700
OKL   A-HLD      HOLDOVER, TEMPORARILY HOUSED   12-14-2001 1800 01-04-2002 0700
1-H   RELEASE    RELEASED FROM IN-TRANSIT FACL  12-14-2001 1900 12-14-2001 1900
1-H   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 11-13-2001 1306 12-14-2001 1900
CKC   ADMIN REL  ADMINISTRATIVE RELEASE         11-13-2001 1206 11-13-2001 1206
CKC   A-ADMIN    ADMINISTRATIVE ADMISSION       11-13-2001 1157 11-13-2001 1206




G0002     MORE PAGES TO FOLLOW . . .
```

```
BOPOI          *        PUBLIC INFORMATION        *     01-23-2008
PAGE 002       *            INMATE DATA           *     10:03:02
                        AS OF 01-23-2008

REGNO..: 14325-045 NAME: HOLT, KEVIN M

                RESP OF: BML / DESIGNATED, AT ASSIGNED FACIL
                PHONE..: 409-727-8172    FAX: 409-626-3500
PRE-RELEASE PREPARATION DATE: 07-15-2011


THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  01-15-2012 VIA PRESUM PAR


--------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION...........: UNITED STATES NAVY
DOCKET NUMBER...................: 11-94
JUDGE..........................: MILITARY
DATE SENTENCED/PROBATION IMPOSED: 03-17-1993
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 01-04-2002
HOW COMMITTED...................: NAVY GENERAL COURT-MARTIAL
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...: PROPERTY: NO  SERVICES: NO      AMOUNT: $00.00

------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  916
OFF/CHG: ARTICLE 81 LARCENY; 118 PREMEDITATED MURDER; 121 THEFT OF A
         MOTORCYCLE

 SENTENCE PROCEDURE.............: NAVY SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.: LIFE
 DATE OF OFFENSE................: 05-08-1992


G0002      MORE PAGES TO FOLLOW . . .
```

```
   BOPOI        *        PUBLIC INFORMATION        *    01-23-2008
PAGE 003 OF 003 *            INMATE DATA            *    10:03:02
                          AS OF 01-23-2008


REGNO..: 14325-045 NAME: HOLT, KEVIN M


               RESP OF: BML / DESIGNATED, AT ASSIGNED FACIL
               PHONE..: 409-727-8172    FAX: 409-626-3500
-----------------------CURRENT COMPUTATION NO: 010 -------------------------


COMPUTATION 010 WAS LAST UPDATED ON 12-10-2007 AT DSC MANUALLY
COMPUTATION CERTIFIED ON 12-10-2007 BY DESIG/SENTENCE COMPUTATION CTR


THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010


DATE COMPUTATION BEGAN..........: 03-17-1993
TOTAL TERM IN EFFECT............: LIFE
TOTAL TERM IN EFFECT CONVERTED..: LIFE
EARLIEST DATE OF OFFENSE........: 05-08-1992


JAIL CREDIT.....................:    FROM DATE    THRU DATE
                                    05-26-1992   03-16-1993


TOTAL JAIL CREDIT TIME..........: 295
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 0
PAROLE ELIGIBILITY..............: UNKNOWN
STATUTORY RELEASE DATE..........: N/A
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: LIFE


PRESUMPTIVE PAROLE DATE.........: 01-15-2012
NEXT PAROLE HEARING DATE........: 07-00-2005
TYPE OF HEARING.................: STATUTORY INTERIM HEARING


PROJECTED SATISFACTION DATE.....: 01-15-2012
PROJECTED SATISFACTION METHOD...: PRESUM PAR
```

S0055    NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

| | | |
|---|---|---|
| Name: HOLT, Kevin | Institution: | Beaumont FCI-Low |
| Register Number: 14325-045 | Date: | April 10, 2007 |

As a result of the hearing conducted on March 8, 2007, the following action was ordered:

Reopen and advance presumptive parole date of May 15, 2012. Continue to a presumptive parole January 15, 2012.

This presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date to ascertain that these conditions have been fulfilled. In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date. If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress Report for the Commission's consideration. If the Commission has requested that a current psychological or psychiatric report be prepared for this review, it also should be attached.

**REASONS**:

Retroactivity does not apply. Neither your recalculated severity rating (old Category **Eight**; new Category **Eight**) nor your recalculated salient factor risk category (old Category **Good**, old score **8**; new Category **Good**, new score **8**) is more favorable. This statement means that a finding has been made by the Parole Commission at your hearing that no regulatory or procedural changes have been made by the Parole Commission since your last hearing which would positively affect your case in terms of offense severity or salient factor scoring.

This includes an advancement of your presumptive release date of 4 months for superior program achievement. This was granted because you completed 830 hours of education programs which included the CODE Program and (2) vocational training programs.

In addition, you have also been scheduled for a statutory interim hearing during March 2009.

THE ABOVE DECISION IS APPEALABLE.

You may obtain appeal forms from your caseworker or supervising officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

HOLT 14325-045                                    -1-                          Clerk: MDD